**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANATOLIY ANTOLIEVICH ORLOV, | No. 12-70923 |
| Petitioner, | Agency No. A087-385-751 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:     McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Anatoliy Antolievich Orlov, a native of Russia and citizen of Bulgaria, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny in part and grant in part the petition, and we remand.

In his opening brief, Orlov does not challenge the agency's denial of his asylum claim as untimely or the agency's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in an opening brief are waived). Thus, we deny the petition as to Orlov's asylum and CAT claims.

We reject Orlov's contention that the IJ failed to provide him with a full and fair opportunity to present his claims. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

In denying Orlov's withholding of removal claim, the BIA did not address Orlov's argument that he was eligible for relief based on his membership in the particular social groups of persons who refuse to become an informant for the police and persons who oppose violent gangs. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (the agency is "not free to ignore arguments raised by a petitioner"). Thus, we grant the petition for review and remand Orlov's

12-70923

withholding of removal claim for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). In light of this remand, we do not reach Orlov's remaining challenges to the agency's denial of his withholding of removal claim at this time.

The parties shall bear their own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**